UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

PROGRESSIVE CASUALTY
INSURANCE COMPANY,

                Plaintiff,

-against-                                       8:21-CV-0666 (LEK/DJS)

JASON BOIRE, *et al.*,

                Defendants.

## MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

       Plaintiff Progressive Casualty Insurance Company ("Progressive") filed a complaint on June 8, 2021, for declaratory judgment against defendants Jason Boire, Clifford Joseph Sterling, Paul Ray Herrera, Neway Truck Sales & Leasing, Inc. ("Neway"), and Veteran Transport ("Veteran") (collectively "Defendants"). Dkt. No. 1 ("Complaint"). Pending before the Court is Plaintiff's motion for default judgment as to Neway, Veteran, Sterling, and Herrera, Dkt. No. 17 ("Neway Motion"), and Plaintiff's motion for default judgment as to Boire, Dkt. No. 18 ("Borie Motion"). The Neway Motion and the Boire Motion are brought pursuant to Federal Rule of Civil Procedure 55. Dkt. No. 17 at 1; Dkt. No. 18 at 1.

**II.    BACKGROUND**

       Progressive is an insurance company incorporated in Ohio with its principal place of business in Ohio. Dkt. No. 1 ¶ 1. According to the Complaint, Boire, Sterling, and Herrera are all individuals residing in New York State. <u>Id.</u> ¶¶ 2, 4, 6. Neway is a corporation incorporated in New York State with its principal place of business in New York State. <u>Id.</u> ¶ 3; <u>see also</u> New York State Department of State, Division of Corporations, Entity Information,

https://apps.dos.ny.gov/publicInquiry/EntityDisplay (last visited Aug. 3, 2022). "Veteran is a business name used by Sterling and/or a business operated by Sterling as a sole proprietorship with its principal place of business in the State of New York." Dkt. No. 1 ¶ 5. According to Plaintiff, "[t]he amount in controversy in this action exceeds $75,000." Id. ¶ 8.

Plaintiff states: "This matter arises out of a motor vehicle accident which occurred on January 30, 2021, at the intersection of US 17-92 (Orange Blossom Trail) and County Road 531 (Pleasant Hill Road) in Kissimmee, Osceola County, Florida." Id. ¶ 10. Plaintiff indicates that this accident occurred between a motor vehicle operated by Javier Alberto Diaz and a 2006 Ford F-350 pickup truck operated by Sterling. Id. ¶ 11. Boire and Herrera were passengers in the 2006 Ford F-350 operated by Sterling. Id. ¶¶ 12–13. Plaintiff avers: "Boire has commenced an action for damages arising out of the Accident against Neway, Sterling and Diaz in the Circuit Court, Ninth Judicial District, in and for Osceola County, Florida, Case Number 124540304/2021 . . . ." Id. ¶ 18.

According to Plaintiff, "Progressive issued [a] commercial auto policy . . . to 'Clifford Sterling Veteran Transport,' which was in effect at all times relevant to the present action" and this policy "refers to the 'named insured organization type' as a sole proprietorship.'" Id. ¶ 14. Plaintiff asserts that "[t]he 2006 Ford F350 was not scheduled on the Progressive Policy as an insured auto at the time of the Accident" and Progressive avers that "Sterling was not operating the 2006 Ford F350 at the time of the Accident as a temporary substitute for any insured auto under the Progressive policy which had been withdrawn from normal use due to breakdown, repair, servicing, loss or destruction." Id. ¶¶ 15–16. Progressive claims that "[t]he 2006 Ford F350 was not owned by Sterling or Veteran at the time of the Accident" but instead "the 2006 Ford F350 was owned by Neway at the time of the accident." Id. ¶ 17.

Progressive requested declaratory judgment, first, by stating that "[t]he 2006 Ford F350 did not qualify as an insured auto under the auto liability coverage of the Progressive Policy at the time of the Accident." Id. ¶ 21. Second, Progressive requested declaratory judgment because "[t]he Progressive Policy was certified to the Federal Motor Carrier Safety Administration of the United States Department of Transportation (the 'USDOT')[,]" id. ¶ 27, and "an endorsement known as the 'Endorsement for Motor Carrier Policies of Insurance for Public Liability Under Sections 29 and 30 of the Motor Carrier Act of 1980,' or 'MCS-90' was attached to the Progressive Policy[,]" id. ¶ 28, but according to Progressive, "[t]he MCS-90 is not triggered where the vehicle at issue is being driven intrastate[,]" id. ¶ 32, and "[t]he MCS-90 cannot be triggered unless Sterling/Veteran w[ere] operating the vehicle at issue in the course of its USDOT motor carrier authority for-hire in interstate commerce[,]" id. ¶ 33. Progressive did not include copies of the liability policy at issue or of the MCS-90 attachment in its Complaint. See generally id.

After filing the Complaint, Plaintiff served the Summons and Complaint on a suitable person at Boire's address and mailed them to that address. Dkt. No. 8. Plaintiff also served them on a suitable person at Sterling's address, Dkt. No. 5, on Herrera, Dkt. No. 4, on the authorized agent of Neway and on the New York State Secretary of State, Dkt. Nos. 7, 9, and on an agent of Veteran, Dkt. No. 6. These were filed with the Court on August 6, 2021. Dkt. Nos. 4–9. On August 30, 2021, the Honorable Daniel J. Stewart, Magistrate Judge, issued a Text Order finding that "the time for the Defendants to file an answer or otherwise respond to the Complaint has expired." Dkt. No. 10.

On September 1, 2021, Plaintiff requested an entry of default as to Sterling, Herrera, Neway, and Veteran, Dkt. No. 11, and the Clerk of the Court issued an entry of default as to

these parties on September 2, 2021, Dkt. No. 13. Meanwhile, on September 1, 2021, attorney Craig A. Cushing, counsel for Boire, requested an extension to October 1, 2021, "to Answer or otherwise appear in this action." Dkt. No. 12 at 1. The Honorable Judge Stewart granted Boire's request for an extension. Dkt. No. 14. However, no answer was ever filed, and neither Attorney Cushing nor Boire filed anything further in the Docket. See generally Dkt. Plaintiff requested entry of default as to Boire on December 13, 2021, Dkt. No. 15, and the Clerk issued an entry of default as to Boire on December 15, 2021, Dkt. No. 16. On December 20, 2021, Plaintiff filed the Neway Motion requesting default judgment as to Neway, Veteran, Sterling, and Herrera, Dkt. No. 17, and on January 10, 2022, Plaintiff filed the Boire Motion requesting default judgment as to Boire, Dkt. No. 18.

### III. LEGAL STANDARD

"A threshold issue in every federal case is whether the court has subject matter jurisdiction over the claim." United Fin. Cas. Co. v. Paddon, 248 F. Supp. 3d 368, 371 (N.D.N.Y. 2017) (Kahn, J.) (citing U.S. Const. art. III, § 2). "The party asserting jurisdiction bears the burden of proof." Paddon, 248 F. Supp. 3d at 371 (citing In re Joint E. & S. Dist. Asbestos Litig., 14 F.3d 726, 730 (2d Cir. 1993)). "A case must be dismissed for lack of subject matter jurisdiction, sua sponte or otherwise, 'when the district court lacks the statutory or constitutional power to adjudicate it.'" Paddon, 248 F. Supp. 3d at 371 (quoting Nike, Inc. v. Already, LLC, 663 F.3d 89, 94 (2d Cir. 2011)).

"[B]efore a federal court can consider the merits of a legal claim, the person seeking to invoke the jurisdiction of the court must establish the requisite standing to sue." Whitmore v. Arkansas, 495 U.S. 149, 154 (1990). The Supreme Court has found that Article III of the U.S. Constitution grants jurisdiction to the federal courts only over "Cases" and "Controversies[.]"

U.S. Const., art. III, § 2; see Whitmore, 495 U.S. at 154–55 ("Article III . . . gives the federal courts jurisdiction only over 'cases and controversies[]' . . . ."). "[T]he doctrine of standing serves to identify those disputes which are appropriately resolved through the judicial process." Id. at 155. "A dispute is not justiciable under this 'case or controversy' standard unless it is 'definite and concrete, touching the legal relations of parties having adverse legal interests.'" Paddon, 248 F. Supp. 3d at 372 (quoting In re Motors Liquidation Co., 829 F.3d 135, 168 (2d Cir. 2016)). "This standard is not satisfied by a 'dispute of hypothetical or abstract character.'" Paddon, 248 F. Supp. 3d at 372 (quoting Nike, 663 F.3d at 94).

When declaratory relief is requested, the statutory language of 28 U.S.C. § 2201 also requires a live controversy: "*In a case of actual controversy* within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a) (emphasis added); see also Paddon, 248 F. Supp. 3d at 372 ("[A] district court cannot grant [declaratory] relief under the Declaratory Judgment Act unless an actual controversy exists."). "In order for courts to determine whether this standard is met, they must ask whether the facts alleged 'show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" Id. at 372 (quoting MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 127 (2007)). "In the context of insurance claims, the case or controversy requirement may be satisfied even though liability is contingent on some other occurrence." Paddon, 248 F. Supp. 3d at 372 (quoting E. R. Squibb & Sons, Inc. v. Lloyd's & Cos., 241 F.3d 154, 177 (2d Cir. 2001)). "[T]he court examines the 'practical likelihood that there will be some

5

type of settlement or judgment against the insurer.'" Paddon, 248 F. Supp. 3d at 372 (cleaned up) (quoting Fed. Ins. Co. v. SafeNet, Inc., 758 F. Supp. 2d 251, 262 (S.D.N.Y. 2010)).

**IV.   DISCUSSION**

"[T]o satisfy the 'actual controversy' requirement, a dispute must be (1) definite and concrete, (2) real and substantial, (3) 'admit of specific relief through a decree of a conclusive character,' and (4) not be a request for an advisory opinion upon a hypothetical state of facts.'" Paddon, 248 F. Supp. 3d at 372 (quoting MedImmune 549 U.S. at 127). However, "[a]n actual controversy does not exist where there is no evidence or indication that the main theory on which the plaintiff seeks declaratory judgment is in dispute between the parties." Paddon, 248 F. Supp. 3d at 372 (citing Niagara Mohawk Power Corp. v. Tonawanda Band of Seneca Indians, 94 F.3d 747, 752 (2d Cir. 1996) and Conn. Yankee Atomic Power Co. v. Haddam Planning & Zoning, No. 00-CV-2425, 2001 U.S. Dist. LEXIS 24639, at *9 (D. Conn. Apr. 20, 2001)). Moreover, "a controversy does not exist where 'the defendant ha[s] not taken any action, even of a preliminary nature, against the plaintiff, and the defendant ha[s] not indicated that it intend[s] to take any future legal action against the plaintiff.'" Paddon, 248 F. Supp. 3d at 373 (quoting Jones v. Sears Roebuck & Co., 301 Fed. Appx. 276, 282 (4th Cir. 2008)). "In the insurance context, '[a]n insurer's effort to defeat coverage is generally not ripe if there is no live claim for coverage by the insured.'" Paddon, 248 F. Supp. 3d at 373 (quoting Nat'l Union Fire Ins. Co. v. Hicks, Muse, Tate & Furst, Inc., No. 02-CV-1334, 2002 U.S. Dist. LEXIS 10672, at *13 (S.D.N.Y. June 13, 2002)).

In Paddon, this Court dealt with a substantially similar fact pattern. In that case, an individual had been struck by a 1996 Ford F-350 pickup truck. See Paddon, 248 F. Supp. 3d at 370. The driver of the 1996 Ford F-350 had an insurance policy with the plaintiff-insurance

company in Paddon which "agreed to pay any damages for bodily injury that an insured became legally responsible for because of an accident arising out of the ownership or use of 'an insured auto.'" Id. In that case "[t]he Policy define[d] 'insured auto' as either (1) an auto specifically described on the declarations page, (2) an additional auto on the date the holder becomes the owner (subject to limitations), or (3) any replacement auto on the date the holder becomes the owner (subject to limitations)." Id. The plaintiff-insurance company in Paddon "allege[d] that it [wa]s not obligated to defend or indemnify any of the Defendants because the auto involved in the incident was not an insured auto under the policy." Id. Specifically, the plaintiff-insurance company "contend[ed] that the truck [wa]s not listed on the declarations page and that it d[id] not constitute an additional or replacement auto." Id. However, "[t]here [wer]e no allegations in the Complaint suggesting that [the defendants] challenged or disputed Plaintiff[-insurance company]'s determination in any manner." Id.

  This Court found in Paddon that "Plaintiff ha[d] not shown that the Court has subject matter jurisdiction over th[e] case" because "[n]one of its allegations suggest that there is a dispute between the parties as to whether Plaintiff is obligated to defend or indemnify Defendants in the lawsuit over the Underlying Incident." Id. at 373. The Court finds that the factual and legal inquiry in this case is analogous to those the Court faced in Paddon. As noted above, Plaintiff alleges that "Boire has commenced an action for damages arising out of the Accident against Neway, Sterling and Diaz in the Circuit Court, Ninth Judicial District, in and for Osceola County, Florida, Case Number 124540304/2021 . . . ." Dkt. No. 1 at ¶ 18. Nothing in this statement indicates that Boire has brought a suit that seeks recovery from Plaintiff. Nor has Plaintiff alleged in its Complaint information indicating that any other Defendant has sought to recover from Plaintiff. See generally Dkt. No. 1. In Paddon, this Court asserted: "Plaintiff alleges

7

a merely hypothetical dispute. It is effectively asking the Court to issue an advisory opinion as to its obligation to indemnify or defend the lawsuit. This type of request is not justiciable and does not constitute a case or controversy under the Constitution." 248 F. Supp. 3d at 373. The Court finds similarly in this case—Plaintiff alleges a conjectural possibility rather than a concrete case or controversy. Because nothing in the Complaint indicates that Boire or any other Defendant has sought or is currently seeking recovery from Plaintiff, the Court finds that this request is not justiciable at this point in time and is therefore not a proper case or controversy under Article III of the Constitution.

However, similar to Paddon, the Court recognizes that "[i]t is possible that there is an actual dispute between Plaintiff and [one or more of the Defendants], and that [one or more of the Defendants] has made some indication that it would seek recovery from Plaintiff if it lost in the underlying action." Id. at 373. Therefore, "the Court will allow Plaintiff to move to amend its Complaint . . . ." Id. at 374. "This motion to amend must comply with Local Rule [15.1] and must fully address the deficiencies identified in this Memorandum-Decision and Order. Failure to do so will result in denial of the motion and the closure of this case." Id. (citing Burrowes v. Combs, 124 F. Appx. 70, 71 (2d Cir. 2005)); see also L.R. 15.1.

V.     CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Complaint (Dkt. No. 1) is **DISMISSED for lack of subject matter jurisdiction**; and it is further

**ORDERED**, that Plaintiff's Motions for Default Judgment (Dkt. Nos. 17, 18) are **DENIED as moot**; and it is further

**ORDERED**, that if Plaintiff wishes to proceed with this case, Plaintiff must file a motion to amend its Complaint, in accordance with the Local Rules, within **thirty (30) days** from the date of this Memorandum-Decision and Order; and it is further

**ORDERED**, that if Plaintiff does not move to amend its Complaint within the time provided, the Clerk of the Court shall close this case without further order of the Court; and it is further

**ORDERED**, that the Clerk of the Court shall serve copies of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:   August 9, 2022
         Albany, New York

_____
LAWRENCE E. KAHN
United States District Judge